Elizabeth Kristen, State Bar No. 218227
Sharon Terman, State Bar No. 237236
THE LEGAL AID SOCIETY
EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199
ekristen@las-elc.org
sterman@las-elc.org

Attorneys for Plaintiff
Machado Arredondo

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHADO ARREDONDO,<br><br>    Plaintiff,<br><br>    v.<br><br>MARKETBAR CAFÉ PARTNERS, L.P.,<br><br>    Defendant. | No.:  C-07-03174 JCS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS VIOLATIONS**<br><br>(Family and Medical Leave Act; California Family Rights Act; Age Discrimination in Employment Act; Fair Employment and Housing Act; Failure to Prevent Discrimination; and Wrongful Termination in Violation of Public Policy)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MACHADO ARREDONDO complains of defendant and demands a trial by jury of all issues, and for all claims for relief alleges:

## NATURE OF THIS ACTION

1.     This is an action for relief from defendant's violation of plaintiff's civil rights. These violations include a denial of rights under the Family and Medical Leave Act ("FMLA"); the California Family Rights Act ("CFRA"), the Age Discrimination in Employment Act ("ADEA"), the California Fair Employment and Housing Act ("FEHA"), failure to prevent discrimination, and wrongful termination in violation of public policy.

Complaint for Damages and Injunctive Relief                                                                                     Page 1

2. Plaintiff seeks back pay; front pay; compensatory, punitive, and liquidated damages; reinstatement; declaratory and injunctive relief; and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331. This action arises under federal law: the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

4. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's claims pursuant to the California Family Rights Act, Cal. Gov't Code § 12945.2 *et seq.*, the Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.*, and wrongful termination in violation of public policy are related, as all of plaintiff's claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff is informed and believes and based thereon alleges that defendant MARKETBAR CAFÉ PARTNERS, L.P. ("MARKETBAR") at all times relevant herein was a limited partnership organized and existing under the laws of the State of California.

7. Plaintiff is informed and believes that defendant MARKETBAR is an employer doing business in the City of San Francisco, County of San Francisco, State of California. Defendant is a covered employer under FMLA and CFRA because it employs 50 or more persons in a 75-mile radius. Also, defendant is a covered employer under the ADEA because it employs at least 20 employees. Finally, defendant is a covered employer under FEHA because it employs 5 or more employees.

8. Doug Biederbeck is a co-owner of defendant MARKETBAR. Biederbeck is an agent and supervisory employee of defendant. In doing the things hereinafter alleged, he acted within the course and scope of the agency, and with the permission and consent of defendant.

9. Catherine Greene and Dan Burns at all times relevant herein were MACHADO ARREDONDO's supervisors. They are agents and supervisory employees of defendant. In doing the things hereinafter alleged, they acted within the course and scope of the agency, and with the permission and consent of defendant.

10. At all relevant times herein, plaintiff MACHADO ARREDONDO has been and is a resident of San Francisco County, State of California.

11. Plaintiff MACHADO ARREDONDO is a person protected by the ADEA because she is at least 40 years old and was at least 40 years old at the time these events took place.

12. Plaintiff is an "eligible employee" within the meaning of the FMLA and CFRA in that defendant MARKETBAR had employed plaintiff for at least 12 months by the time that she needed to take family medical leave to care for her mother who had a serious health condition and plaintiff had worked more than 1,250 hours of service during the 12-month period prior to her request for medical leave.

13. The unlawful practices complained of herein occurred in the County of San Francisco, State of California.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14. Plaintiff has exhausted all required administrative remedies.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15. MACHADO ARREDONDO was hired by defendant MARKETBAR for the position of server on or about February 8, 2004. She held this position until on or about September 26, 2005, when defendant effectively terminated her employment.

16. At all times relevant herein, Ms. ARREDONDO was qualified for the position of server with defendant MARKETBAR, and she excelled at her job.

17. Ms. ARREDONDO's mother is Shirley Quintel.

18. While at work on or about September 4, 2005, Ms. ARREDONDO received a phone call that her mother needed to have emergency heart surgery the next day. Ms. ARREDONDO immediately informed her manager, Catherine Greene, that her mother was going to have heart surgery the next day. Catherine Greene gave Ms. ARREDONDO permission to leave work early to go to Modesto, where her mother was to have her surgery. Doug Biederbeck and Catherine Greene knew of Ms. ARREDONDO's emergency need for leave to care for her mother who had a serious health condition. No one at MARKETBAR informed Ms. ARREDONDO about her rights under FMLA and/or CFRA.

19. On or about September 5, 2005, Ms. ARREDONDO's mother underwent the heart surgery and spent the next few days recuperating in the hospital. Ms. ARREDONDO cared for her mother during this time.

20. From September 7 to 16, 2005, Ms. ARREDONDO returned to San Francisco and resumed her work at defendant MARKETBAR. Ms. ARREDONDO came back to San Francisco after only three days because she did not know her FMLA and/or CFRA rights.

21. On or about September 15, 2005, the hospital discharged Ms. ARREDONDO's mother, but her mother continued to require Ms. ARREDONDO's care.

22. On or about September 16, 2005, Ms. ARREDONDO informed Dan Burns that she needed further time off to care for her mother. Dan Burns allowed Ms. ARREDONDO to leave and asked her to periodically apprise him of her mother's status, which Ms. ARREDONDO did. No one informed Ms. ARREDONDO about her rights under FMLA and/or CFRA.

23. From about September 16 to 26, 2005, Ms. ARREDONDO cared for her mother.

24. On or about September 20, 2005, Ms. ARREDONDO's mother suffered post-operative complications that required her mother to be re-admitted to the hospital.

25. On or about September 26, 2005, Ms. ARREDONDO returned to San Francisco and informed defendant MARKETBAR that her mother required additional care and that she needed additional time to care for her mother during her mother's recovery. Biederbeck, co-

Complaint for Damages and Injunctive Relief                                                                              Page 4

owner of defendant MARKETBAR, denied Ms. ARREDONDO the requested leave. Instead, Biederbeck told Ms. ARREDONDO that MARKETBAR needed to "get her off the books" and suggested that she resign for "personal reasons." Feeling pressured to maintain a good relationship with defendant, plaintiff was forced to resign. No one informed Ms. ARREDONDO about her rights under FMLA and/or CFRA.

26.     On or about September 30, 2005, Ms. ARREDONDO's mother entered a skilled nursing facility. On or about October 15, 2005, the skilled nursing facility discharged plaintiff's mother.

27.     From about September 26 to October 15, 2005, Ms. ARREDONDO cared for her mother, periodically returning to San Francisco.

28.     In or about February 2006, Ms. ARREDONDO inquired about returning to work at MARKETBAR. Defendant failed to restore Ms. ARREDONDO at that time.

29.     In or about April 2006, Ms. ARREDONDO went in to MARKETBAR to speak with Catherine Greene about returning to MARKETBAR as a server. Defendant failed to restore Ms. ARREDONDO; instead, defendant told Ms. ARREDONDO to come back later.

30.     On or about late April 2006, Ms ARREDONDO again sought to return to MARKETBAR—this time for a non-equivalent position, a host—but defendant refused to place Ms. ARREDONDO in the host position.

31.     In or about early May 2006, Ms. ARREDONDO once again sought to return to MARKETBAR, but defendant refused. However, Ms. ARREDONDO is informed and believes that defendant had hired at least one new server following Ms. ARREDONDO's leave.

32.     Ms. ARREDONDO is informed and believes that the new server is younger than plaintiff and younger than 40 years old.

**FIRST CLAIM FOR RELIEF**
Interference
FMLA
29 U.S.C. § 2615(a)(1)

33.     Plaintiff incorporates by reference paragraphs 1 through 32, as though fully set forth herein.

34. The FMLA provides that eligible employees are entitled to take up to twelve weeks of leave in any twelve-month period to care for a parent who has a serious health condition. 29 U.S.C. § 2612(a); 29 C.F.R. § 825.100(a). Upon return from the leave, the employer must restore the employee to the same or equivalent position. 29 U.S.C. § 2614(a); 29 C.F.R. § 825.100(c).

35. Employers must notify employees of their rights and obligations under the FMLA. 29 C.F.R. §§ 825.300, 825.301.

36. "In all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee." 29 C.F.R. § 825.208(a).

37. The FMLA also provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(1); *see also* 29 C.F.R. § 825.220(a)(1). "Any violations of the [FMLA] or of these [Department of Labor] regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act. 'Interfering with' the exercise of an employee's rights . . . include[s], for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).

38. The FMLA further provides that "[a]n employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave." 29 C.F.R. § 825.220(c). "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring . . . or disciplinary actions . . . ." *Id.*

39. Plaintiff's mother's heart surgery, which required overnight hospitalization, and her mother's post-operative recovery, which necessitated continuing treatment by a health care provider, constitute a serious health condition under the FMLA. *See* 29 U.S.C. § 2611(11); 29 C.F.R. § 825.114.

40. Plaintiff provided reasonable notice to defendant of the need to take leave to care for her mother who had a serious health condition.

41. Defendant violated the FMLA when it failed to provide plaintiff with the required notice of plaintiff's FMLA rights and obligations. *See* 29 C.F.R. § 825.301; *see also id.* § 825.300.

42. Defendant violated the FMLA when it failed to designate Ms. ARREDONDO's leave as FMLA-qualifying leave or notify her of the designation. *See* 29 C.F.R. § 825.208(a).

43. Defendant violated the FMLA when it refused to authorize plaintiff's request for additional leave to care for her mother's serious health condition, and instead suggested that she resign for personal reasons, effectively terminating her.

44. When plaintiff sought to return to MARKETBAR, defendant violated the FMLA by failing to reinstate her to her same or equivalent position.

45. When plaintiff sought to return to MARKETBAR, defendant violated the FMLA by using her taking of leave as a negative factor in deciding whether to rehire plaintiff.

46. Defendant willfully interfered with, restrained, and/or denied plaintiff's exercise of her right to FMLA leave by: 1) failing to advise her of her rights and obligations under the FMLA when she informed defendant of her need for leave; 2) failing to designate her leave as FMLA leave and notify her of the designation; 3) refusing her request for additional leave to which she was entitled, and instead constructively terminating her; 4) failing to reinstate plaintiff to her same or equivalent position; and 5) using plaintiff's taking of leave as a negative factor in its decision whether to rehire her.

47. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to plaintiff's rights.

48. As a direct and proximate result of defendant's unlawful actions, plaintiff lost her wages, salary, employment benefits, and other compensation, and suffered other monetary losses, in an amount to be proven at trial.

49. As a result of defendant's willful violations of the FMLA, which were not made in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
Discrimination
FMLA
29 U.S.C. § 2615(a)(2)

50. Plaintiff incorporates by reference paragraphs 1 through 49, as though fully set forth herein.

51. The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(2).

52. The FMLA further provides that "[a]n employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave." 29 C.F.R. § 825.220(c). "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment decisions, such as hiring . . . or disciplinary actions . . . ." *Id.*

53. Defendant discriminated against plaintiff by refusing to authorize FMLA leave and discharging plaintiff when she sought to exercise her right to take additional FMLA leave.

54. Defendant discriminated against plaintiff by failing to reinstate her after her leave.

55. Defendant discriminated against plaintiff by failing to rehire her after leave.

56. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to plaintiff's rights.

57. As a direct and proximate result of defendant's unlawful actions, plaintiff lost her wages, salary, employment benefits, and other compensation, and suffered other monetary losses, in an amount to be proven at trial.

58. As a result of defendant's willful violations of the FMLA, which were not done in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
Refusal to Grant Leave
CFRA
Cal. Gov't Code § 12945.2(a)

59. Plaintiff incorporates by reference paragraphs 1 through 58, as though fully set forth herein.

60. The CFRA provides that it is an "unlawful employment practice for any employer . . . to refuse to grant a request by any [eligible employee] to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave." Cal. Gov't Code § 12945.2(a). An employee may take "family care and medical leave" to "care for a parent . . . who has a serious health condition." *Id.* § 12945.2(c)(3)(B). Thus, CFRA requires an employer to grant an eligible employee's request for leave and provides that the employer must restore the employee to the same or comparable position upon the employee's return from leave. *See also* Cal. Code Regs. tit. 2 § 7297.2.

61. Employers also must notify employees of their rights and obligations under the CFRA. Cal. Code Regs. tit. 2 § 7297.9.

62. Employers further must designate CFRA-qualifying leave as CFRA leave and notify employees of the designation. Cal. Code Regs. tit. 2 § 7297.4(a)(1)(A).

63. Plaintiff's mother's heart surgery, which required overnight hospitalization, and her mother's post-operative recovery, which necessitated continuing treatment by a health care provider, constitute a serious health condition under the CFRA. *See* Cal. Gov't Code § 12945.2(c)(8); Cal. Code Regs. tit. 2 § 7297.0(o).

64. Plaintiff provided reasonable notice to defendant of the need to take leave to care for her mother who had a serious health condition.

65. Defendant violated the CFRA when it failed to provide the required notice of plaintiff's CFRA rights and obligations. *See* Cal. Code Regs. tit. 2 § 7297.9.

66. Defendant violated the CFRA when it failed to provide plaintiff with a guarantee of employment in the same or comparable position upon her return from leave. *See* Cal. Gov't Code § 12945.2(a).

67. Defendant violated the CFRA when it failed to designate Ms. ARREDONDO's leave as CFRA-qualifying leave or notify her of the designation. *See* Cal. Code Regs. tit. 2 § 7297.4(a)(1)(A).

68. Defendant violated the CFRA when it refused to grant plaintiff's request for additional leave to care for her mother's serious health condition, and instead suggested that she resign for personal reasons, effectively terminating her.

69. As a proximate result of defendant's unlawful actions, plaintiff has suffered the loss of wages, salary, employment benefits, and additional damages, in an amount to be proven at trial.

70. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

71. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to plaintiff's rights.

**FOURTH CLAIM FOR RELIEF**
Discharge, Failure to Reinstate, Refusal to Rehire,
Discrimination, and Retaliation
CFRA
Cal. Gov't Code § 12945.2(*l*); Cal. Code Regs. tit. 2 § 7297.7

72. Plaintiff incorporates by reference paragraphs 1 through 71, as though fully set forth herein.

73. The CFRA provides that "[i]t shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, . . . expel, or discriminate against, any individual because of . . . [a]n individual's exercise of the right to family care and medical leave . . . ." Cal. Gov't Code § 12945.2(*l*)(1); *see also* Cal. Code Regs. tit. 2 § 7297.7 (retaliation).

74. Plaintiff exercised her right to family medical leave to care for her mother who had a serious health condition.

75. When plaintiff requested additional leave to care for her mother's serious health condition, defendant MARKETBAR refused to grant the leave, instead suggesting that she resign for personal reasons, effectively terminating her.

76. Defendant's refusal to grant plaintiff's leave constitutes unlawful discrimination and retaliation in violation of the CFRA.

77. Defendant's discharge of plaintiff constitutes unlawful discrimination and retaliation in violation of the CFRA.

78. When plaintiff sought to return to MARKETBAR, defendant refused to reinstate plaintiff to her same or comparable position, in violation of the CFRA.

79. When plaintiff sought to return to MARKETBAR, defendant refused to rehire plaintiff. Defendant's failure to rehire plaintiff constitutes unlawful discrimination and retaliation in violation of the CFRA.

80. As a proximate result of defendant's unlawful actions, plaintiff has suffered the loss of wages, salary, employment benefits, and additional damages, in an amount to be proven at trial.

81. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, in an amount to be proven at trial.

82. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to plaintiff's rights.

**FIFTH CLAIM FOR RELIEF**
Age Discrimination
ADEA
29 U.S.C. § 621 *et seq.*

83. Plaintiff incorporates by reference paragraphs 1 through 82, as though fully set forth herein.

84. The ADEA provides that eligible employees are entitled to be free of discrimination based on age. 29 U.S.C. § 623 et seq.

85. When plaintiff requested additional leave to care for her mother's serious health condition, defendant MARKETBAR refused to grant the leave, instead suggesting that she resign for personal reasons, effectively terminating her.

86. Defendant's refusal to grant plaintiff's leave and discharge of plaintiff constitutes unlawful discrimination based on age.

87. When plaintiff sought to return to MARKETBAR, defendant refused to reinstate or rehire her.

88. Defendant's refusal to reinstate or rehire plaintiff constitutes unlawful discrimination based on age.

89. As a direct and proximate result of defendants' unlawful conduct, plaintiff lost her wages, salary, employment benefits, and other compensation, in an amount to be proven at trial.

90. Plaintiff is entitled to any lost wages and employment benefits, injunctive and declaratory relief, attorneys' fees and costs, and liquidated damages pursuant to 29 U.S.C. § 626(b), in an amount to proven at trial.

91. Defendants' violation of plaintiff's right to be free from age discrimination was unlawful, intentional, willful, malicious, and/or done with reckless disregard to plaintiff's civil rights.

**SIXTH CLAIM FOR RELIEF**
Age Discrimination
FEHA
Cal. Gov't Code § 12900 *et seq.*

92. Plaintiff incorporates by reference paragraphs 1 through 91, as though fully set forth herein.

93. The FEHA provides that eligible employees are entitled to be free of discrimination based on age. Cal. Gov't Code § 12940(a).

94. When plaintiff requested additional leave to care for her mother's serious health condition, defendant MARKETBAR refused to authorize the leave, instead suggesting that she resign for personal reasons, effectively terminating her.

95. Defendant's refusal to grant plaintiff's leave and discharge of plaintiff constitutes unlawful discrimination based on age.

96. When plaintiff sought to return to MARKETBAR, defendant refused to reinstate or rehire her.

97. Defendant's refusal to reinstate or rehire plaintiff constitutes unlawful discrimination based on age.

98. As a direct and proximate result of defendants' unlawful actions, plaintiff lost her wages, salary, employment benefits, and other compensation, in an amount to be proven at trial.

99. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, in an amount to be proven at trial.

100. Defendants' violation of plaintiff's right to be free from age discrimination was unlawful, intentional, willful, malicious, and/or done with reckless disregard to plaintiff's civil rights.

**SEVENTH CLAIM FOR RELIEF**
Failure to Prevent Discrimination
FEHA
Cal. Gov't Code § 12940(k)

101. Plaintiff incorporates by reference paragraphs 1 through 100, as though fully set forth herein.

102. California Government Code section 12940(k) requires defendants to take all reasonable steps to prevent discrimination from occurring.

103. Defendant knew or should have known that plaintiff needed leave to care for her mother who had a serious health condition. Defendant consciously disregarded plaintiff's rights under the CFRA and right to be free from age discrimination. Defendant never informed plaintiff of her rights and obligations under CFRA. Nor did defendant inform plaintiff of a company policy prohibiting discrimination on the basis of age or the exercise of CFRA rights.

In addition, defendant did not have an appropriate complaint procedure for reporting discrimination on the basis of age or the exercise of CFRA rights.

104. Defendant's actions constitute a failure to take all reasonable steps to prevent discrimination from occurring in violation of California Government Code section 12940(k).

105. As a proximate result of defendant's unlawful actions plaintiff suffered the loss of wages, salary, employment benefits, and additional damages in an amount to be proven at trial.

106. As a further proximate result of defendant's unlawful actions, plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in an amount to be proven at trial.

107. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to plaintiff's rights.

## EIGHTH CLAIM FOR RELIEF
Constructive/Wrongful Termination in Violation of Fundamental Public Policy

108. Plaintiff incorporates by reference paragraphs 1 through 107, as though fully set forth herein.

109. It is the public policy of the State of California to prohibit employers from discriminating against their employees because the employee exercises his or her right to take FMLA/CFRA leave. Further, it is the public policy of the State of California to prohibit employers from discriminating against their employees because of age.

110. Defendant constructively terminated plaintiff because she exercised her right to FMLA/CFRA leave to care for her mother who suffered from a serious health condition, and thus violated California's public policy.

111. Defendant constructively terminated plaintiff because of her age, and thus violated California's public policy.

112. As a proximate result of defendant's unlawful actions, plaintiff has suffered the loss of wages, salary, employment benefits, and additional amounts of money, to be proven at trial.

113. As a further proximate result of defendant's unlawful actions plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, in an amount to be proven at trial.

114. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to plaintiff's rights.

## DECLARATORY RELIEF ALLEGATIONS

115. Plaintiff incorporates by reference paragraphs 1 through 114, as though fully set forth herein.

116. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that plaintiff contends that defendant violated her FMLA/CFRA rights, subjected her to discrimination based on her age and her exercise of FMLA/CFRA rights, failed to prevent discrimination from occurring, and wrongfully terminated her in violation of public policy. Defendant contends that these allegations did not occur. Plaintiff disputes defendant's contention and asserts that the reasons asserted by defendant do not affect the validity of plaintiff's claims.

## INJUNCTIVE RELIEF ALLEGATIONS

117. Plaintiff incorporates by reference paragraphs 1 through 116, as though fully set forth herein.

118. No previous application for the injunctive relief sought herein has been made to this Court.

119. If this Court does not grant the injunctive relief sought herein, plaintiff will be irreparably harmed.

120. No plain, adequate, or complete remedy at law is available to plaintiff to redress the wrongs addressed herein.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. For an order enjoining the defendant from engaging in the unlawful conduct complained of herein;
2. For an order granting such other injunctive relief as may be appropriate;
3. For declaratory relief;
4. For lost wages, lost benefits, and all other compensation denied or lost to plaintiff by reason of defendant's unlawful actions, in an amount to be proven at trial;
5. For compensatory damages for plaintiff's emotional pain and suffering, in an amount to be proven at trial;
6. For punitive damages;
7. For liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii) and 29 U.S.C. § 626(b);
8. For reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C § 2617(a)(3), 29 U.S.C. § 626(b), Cal. Gov't Code § 12965(b), Cal. Civ. Proc. Code §1021.5, and other laws;
9. For interest on damages, including pre- and post-judgment interest and an upward adjustment for inflation; and
10. For such other and further relief as the court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury as to each claim herein.

Dated: June 15, 2007        By:   /S/ Sharon Terman
                                  Sharon Terman
                                  Attorney for Plaintiff Machado Arredondo